IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS NURSES ASS'N; D.C. NURSES ASS'N,

        Plaintiffs,

    v.

NATIONAL NURSES UNITED, AFL-CIO,

        Defendant.

Case No. 1:15-cv-11804-WGY

**ANSWER TO COMPLAINT**

NOW COMES Defendant National Nurses United, AFL-CIO and answers the Complaint in the above-captioned case as follows:

1.    The allegations of paragraph 1 of the Complaint state legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies that there is a live case and controversy, and denies that Plaintiffs are entitled to relief, and further incorporates all responses to the succeeding allegations of the Complaint.

2.    Defendant admits that this Court has jurisdiction over suits for violations of contracts between labor organizations under 29 U.S.C. § 185, and that venue is appropriate in this District under 29 U.S.C. § 185. Defendant denies all other allegations of paragraph 2.

3.    Admitted.

4.  Admitted.

5.  Admitted.

6.  Defendant admits that in or about May, 2009, the Massachusetts Nurses Association (MNA), the United American Nurses, AFL-CIO (UAN) and the California Nurses Association, National Nurses Organizing Committee (CNA/NNOC) entered into the Agreement of Consolidation and Affiliation, an unsigned version of which is attached as Exhibit A to the Complaint. Defendant further admits that MNA, UAN and CNA/NNOC were labor organizations within the meaning of 29 U.S.C. § 185. To the extent the allegations of Paragraph 6 of the Complaint refer to that document, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations contained in Paragraph 6.

7.  To the extent Plaintiffs refer to the document attached as Exhibit A to the Complaint, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations of Paragraph 7.

8.  To the extent Plaintiffs refer to the document attached as Exhibit A to the Complaint, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations of Paragraph 8.

9.  To the extent Plaintiffs refer to the document attached as Exhibit A to the Complaint, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations of Paragraph 9.

10. To the extent Plaintiffs refer to the document attached as Exhibit A to

the Complaint, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations of Paragraph 10.

11. To the extent Plaintiffs refer to the document attached as Exhibit A to the Complaint, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations of Paragraph 11.

12. Defendant admits that MNA, as an affiliate of the National Nurses United, represents Registered Nurses at health care facilities in Massachusetts. Defendant denies all other allegations of paragraph 12.

13. Defendant admits that on or about April 15, 2014, the NNU Executive Council issued a resolution in the context of a jurisdictional dispute attached as Doc. 5-2, Exhibit A to Anderson Decl. To the extent Plaintiffs refer to this document, the document speaks for itself and no response to the allegations is required. Defendant denies all other allegations of Paragraph 13.

14. Admitted.

15. Defendant admits that the April 15, 2014 resolution was issued in the course of the Executive Council's resolution of a dispute between NNU affiliates over which affiliate should have jurisdiction over an organizing campaign in the District of Columbia, pursuant to the Executive Council's authority under Article V(B)(2) and (10) of the NNU Constitution. Defendant denies all other allegations of Paragraph 15.

16. To the extent Plaintiffs refer to the documents attached as Exhibit A to the Complaint, and to Doc. 5-2, Exhibit A to Anderson Decl., the documents speak

for themselves and no response to the allegations is required. Defendant denies all other allegations of Paragraph 16.

## Prayer for Relief

Wherefore, Defendant prays that the Court award Plaintiffs no relief, that the Court dismiss this Complaint with prejudice, and that the Court award Defendant its costs and other expenses allowed to prevailing parties by law.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiffs' claim:

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. Defendant's Executive Council acted reasonably within the scope of its authority under the NNU Constitution.

### THIRD AFFIRMATIVE DEFENSE

19. Plaintiffs' claim is barred by the applicable statute of limitations, including but not limited to D.C. Code § 16-4423.

### FOURTH AFFIRMATIVE DEFENSE

20. Plaintiffs seek relief that is unlawful and/or contrary to public policy, including the Labor-Management Relations Act, 29 U.S.C. §§ 151 *et seq*.

### FIFTH AFFIRMATIVE DEFENSE

21. Plaintiffs lack standing to bring this Claim.

**SIXTH AFFIRMATIVE DEFENSE**

22.     The Complaint fails to present a cognizable claim for declaratory relief under *Textron Lycoming Reciprocating Engine Div. v. United Auto Workers*, 523 U.S. 653, 661 (1998).

**SEVENTH AFFIRMATIVE DEFENSE**

23.     Plaintiffs failed to exhaust their remedies under the NNU Constitution.


Dated: October 14, 2015                    Respectfully submitted,


                                           /s/ Michael T. Anderson

                                           Michael T. Anderson (BBO #645533)
                                           manderson@murphypllc.com
                                           MURPHY ANDERSON PLLC
                                           111 Devonshire St. 5th Floor
                                           Boston, MA 02019
                                           Tel. (617) 227-5720
                                           Fax (617) 227-5767

                                           Attorneys for Defendant
                                           National Nurses United AFL-CIO

CERTIFICATE OF SERVICE

      I hereby certify that on this date I served a copy of the foregoing document via the Court's ECF system on the following:

James F. Lamond
McDonald Lamond Canzoneri
352 Turnpike Road, Suite 310
Southborough, MA -1772-1756
jlamond@masslaborlawyers.com


Dated: October 14, 2015          /s/ Michael T. Anderson
                                      Michael T. Anderson (BBO #645533)
                                      manderson@murphypllc.com
                                      MURPHY ANDERSON PLLC
                                      111 Devonshire St. 5th Floor
                                      Boston, MA 02019
                                      Tel. (617) 227-5720
                                      Fax (617) 227-5767

                                      Attorneys for Defendant
                                      National Nurses United AFL-CIO