IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS NURSES ASS'N; D.C. NURSES ASS'N,

Plaintiffs,

v.

NATIONAL NURSES UNITED, AFL-CIO,

Defendant.

Case No. 1:15-cv-11804-WGY

## DECLARATION OF ROBERT H. STROPP, JR. IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Robert H. Stropp, Jr., declare under penalty of perjury as follows:

1. I am counsel to the National Nurses United, AFL-CIO (NNU) and the NNU Executive Council. The facts described in this declaration are personally known to me. If called as a witness, I could and would competently testify to the contents of this declaration.

2. I have reviewed Plaintiffs' Rule 56.1 Statement of Material Facts (Doc. 32) based on the Affidavit of Julie B. Pinkham (Doc. 33) in this Action. I do not dispute ¶¶ 1-8 and 11-14 of Ms. Pinkham's Affidavit.

3. As to paragraph 9 of Plaintiffs' Rule 56.1 Statement of Material Facts, I do not recall the quoted portion about my alleged question "just until 2012?" or UAN Attorney Davis' alleged reply "no-it's perpetual" in the context of the duration

1

of the Affiliation Agreement. The word "perpetual" does not appear in the Affiliation Agreement.

4. I agree that it was the sense of the contracting parties that affiliates like MNA retained the right to withdraw if they did not wish to follow NNU's policy. The Founding Constitution (Doc. 1-3) contained no trusteeship or other provision that inhibited any affiliate's right to terminate its affiliation with NNU. The only use of the word "perpetual" was in Article IX of the Founding Constitution, which provided "the duration of National Nurses United shall be perpetual." Because this did not fix a definite term, affiliates were free under federal labor law to terminate their participation on reasonable notice.

5. The 2012 NNU Constitution (Doc. 34-1) preserved these provisions of the Affiliation Agreement and Founding Constitution without change. The current 2012 Constitution contains no trusteeship or other provision that inhibits any affiliate's right to terminate its affiliation with NNU. The only use of the word "perpetual" is in Article IX of the 2012 Constitution, which provides "the duration of National Nurses United shall be perpetual." Because this does not fix a definite term, affiliates are free under federal labor law to terminate their participation on reasonable notice.

6. The NNU Convention is free in the future to amend the NNU Constitution on any subject, including the terms of affiliation and withdrawal. However, affiliates that do not wish to be governed by such an amended Constitution are free to withdraw from the NNU without agreeing to such

amendments.

7.  On July 23, 2015, the Michigan Nurses Association disaffiliated from the NNU. The NNU did not take any legal action to prevent the Michigan Nurses from disaffiliating. Nor has the NNU taken the position that the Michigan Nurses Association lacked the power to disaffiliate under the NNU Constitution on the same terms they could have from 2009-2012.

8.  I have reviewed Plaintiffs' Statement of Material Facts, ¶12, referencing a resolution tendered by Martha Kuhl to move to a more centralized structure. Plaintiffs are correct that this resolution was withdrawn, and was never enacted. At the 2015 NNU Convention, held on October 24, 2015 in New Orleans, no similar resolution was introduced.

9.  I am not aware of any stated intention by the Massachusetts Nurses Association to disaffiliate from the NNU. I am not aware that any representative of the NNU has threatened any affiliate including the MNA, with legal action in the event of disaffiliation. The NNU recognizes the right of any affiliate, including the Massachusetts Nurses Association, under the NNU Constitution to disaffiliate on the same terms they could have from 2009-2012.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

November 13, 2015
_____
Robert H. Stropp, Jr.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing document via the Court's ECF system on the following:

James F. Lamond
McDonald Lamond Canzoneri
352 Turnpike Road, Suite 310
Southborough, MA -1772-1756
jlamond@masslaborlawyers.com

Dated: November 13, 2015

s/ Michael T. Anderson
Michael T. Anderson (BBO #645533)
manderson@murphypllc.com
MURPHY ANDERSON PLLC
111 Devonshire St. 5th Floor
Boston, MA 02019
Tel. (617) 227-5720
Fax (617) 227-5767

Attorneys for Defendant
National Nurses United AFL-CIO